BENJAMIN WILSON v. FANNIE WILSON.[1]

January 20, 1933.

No. 29,132.

*Alric Anderson,* for appellant.
*Linus J. Hammond,* for respondent.

[1]Reported in 246 N. W. 476.

DIBELL, JUSTICE.

The plaintiff and the defendant were divorced on June 4, 1930, at the suit of the plaintiff. The defendant did not appear. In August, 1930, she moved the court to set aside the judgment and permit her to serve an answer in which she asked that the plaintiff be denied the relief which he asked. On November 15, 1930, the parties entered into what they termed a stipulation for amended findings which recited the entry of the decree of divorce and the application of the defendant to set aside the decree with leave to answer. It was further recited that the plaintiff owned a house in Ramsey county of the value of $2,500; that he was earning wages of $300 a month; and was the owner of a Moon car worth $75, title to which stood in the name of defendant. It was then agreed that defendant would accept $1,500 as permanent alimony, to be paid in monthly instalments of $50 each; that plaintiff would pay the defendant's attorney's fees of $125; and that defendant would transfer title to the Moon car to the plaintiff. As far as appears nothing further was done; and the parties apparently proceeded upon the theory that the controversy was closed without an amendment of the judgment or further proceeding.

In April, 1932, the defendant moved the court for an order modifying the decree "with reference to the property settlement and alimony only." This was heard on affidavits and was denied on April 25, 1932. From this order the appeal is taken.

The motion to amend was heard by the judge who tried the divorce case. The defendant claimed that she was imposed upon by her husband when the divorce suit was in progress and when the stipulation for alimony was agreed upon. The affidavits are in direct conflict. The plaintiff has paid the alimony in instalments as agreed and has paid the attorney's fees, and his affidavit is that in addition he gave her furniture of considerable value. At the time of the stipulation the plaintiff was earning $300 per month as wages, but this amount has been reduced. There is proof that the so-called homestead property has decreased in value. The trial court was in the best position to know whether there should be a

change in alimony. There is involved no effort on the part of the defendant to vacate the decree for any purpose other than to vary the provision as to property or money allowance to be awarded the wife. It is not wise to review the differences between the parties. They will not be together again. With the meager information given by the affidavits it might seem that the wife might have been given a larger allowance, but the judgment of the trial court is sustained by the evidence and the trial judge was in a better position to understand the situation than are we. The power to change alimony is not in question.

Order affirmed.